IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Brown,<br><br>Petitioner,<br><br>vs.<br><br>Warden of Kershaw Correctional Institution,<br><br>Respondent. | C/A No. 0:15-2133-RBH-PJG<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Leroy Brown, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Brown was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 32.) Brown filed a response in opposition to the respondent's motion. (ECF No. 40.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Brown's Petition denied.

## BACKGROUND

Brown was indicted in February 2008 in Richland County for first-degree burglary and petit larceny (2008-GS-40-11826, -11825). (App. at 361-62, 365-66; ECF No. 32-1 at 363-64, 367-68.)



PJG

Brown was represented by Luke Shealy, Esquire, and Michael Leddy,[1] Esquire, and on December 10, 2008 was tried by a jury and found guilty of burglary in the first degree. (App. at 250, ECF No. 32-1 at 252.) The circuit court sentenced Brown to eighteen years' imprisonment. (App. at 273, ECF No. 32-1 at 273.)

Brown timely appealed and was represented by Wanda H. Carter, Esquire, of the South Carolina Commission on Indigent Defense, who filed a final brief on Brown's behalf that raised the following issue:

> The trial judge erred in denying appellant's motions for directed verdicts on the state's charges in the case because there was no substantial circumstantial evidence presented from which it could be fairly and logically deduced that appellant was guilty of burglary and larceny.

(ECF No. 32-2.) On February 1, 2011, the South Carolina Court of Appeals affirmed Brown's conviction and sentence. (State v. Brown, Op. No. 2011-UP-41 (S.C. Ct. App. Feb. 1, 2011), App. at 274-75, ECF No. 32-1 at 276-77.) According to the respondent, Brown filed a petition for rehearing which was denied by order filed March 24, 2011. (Respt.'s Return & Mem. Supp. Summ. J., ECF No. 32 at 5.) Brown, through counsel, filed a petition for a writ of certiorari with the South Carolina Supreme Court that presented the following question:

> The Court of Appeals erred in holding that the trial court properly denied petitioner's motion for a directed verdict of acquittal on the burglary and larceny charges because there was neither an admission of guilt by petitioner regarding the charges and nor [*sic*] substantial circumstantial evidence or direct evidence of guilt presented in the case.

(ECF No. 32-4.) The State filed a return. (ECF No. 32-5.) By order filed February 8, 2012, the South Carolina Supreme Court denied Brown's petition. (App. at 276, ECF No. 32-1 at 278.)

---

[1] It appears that this attorney is more properly identified as Micah Leddy.





Brown filed a *pro se* application for post-conviction relief ("PCR") on May 8, 2012 in which he raised the following claims:[2]

(a) Ineffective Assist. Counsel
(b) S.C. Court of Appeal, perpertrate Fraud Due Process Violation
(c) Fifth 6th and 14th Amendment violation

(See Brown v. State of South Carolina, 2012-CP-40-3270; App. at 277-80, ECF No. 32-1 at 279-82.) The State filed a return. (App. at 290-95, ECF No. 32-1 at 292-97.) On January 13, 2013, the PCR court held an evidentiary hearing at which Brown appeared and testified and was represented by H. Flynn Griffin, III, Esquire. At the hearing, Brown proceeded on the following two allegations of ineffective assistance of counsel: (1) counsel failed to object to the submission to the jury of two of Brown's prior convictions for burglary, and (2) counsel failed to advise Brown not to make admissions of guilt during the mitigation phase of sentencing. By order filed February 19, 2013, the PCR court denied and dismissed with prejudice Brown's PCR application. (App. at 350-59, ECF No. 32-1 at 352-61.)

On appeal, Brown was represented by Lara M. Caudy, Esquire, with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the following issue:

> Did trial counsel's failure to advise Petitioner of his constitutional Fifth Amendment right to remain silent during the mitigation phase of sentencing after trial violate Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution where the South Carolina Court of Appeals dismissed Petitioner's meritorious direct appeal because it interpreted Petitioner's statements at sentencing after trial as an admission of guilt?

---

[2] Brown filed two seemingly identical PCR applications which were merged, leaving 2012-CP-40-3270 as the remaining action. (App. at 288-89, ECF No. 32-1 at 290-91.)





(ECF No. 32-7.) On September 24, 2014, the South Carolina Supreme Court issued an order denying Brown's petition for a writ of certiorari. (ECF No. 32-9.) The remittitur was issued on October 10, 2014. (ECF No. 32-10.) This action followed.

## FEDERAL HABEAS ISSUE

Brown's federal Petition for a writ of habeas corpus raises the following issue:

> **Ground One:** Ineffective Assistance of Trial Counsel
> **Supporting Facts:** Trial counsel was ineffective for failing to advise Petitioner not to answer the Court's question about his age in the manner the question was posed to him since it would require petitioner to admit guilt where he intended to maintain his innocence. Counsel at trial was ineffective for failing to object to the question the judge asked and advise petitioner of his rights to remain silent during the interrogation by the sentencing court.

(Pet., ECF No. 1.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.





See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in





its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no





reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C. Summary Judgment Motion**

In the sole ground for relief in his Petition, Brown argues trial counsel was ineffective because he failed to prevent Brown from admitting his guilt in response to a question from the trial court during sentencing, either by advising him not to answer the question or by objecting to the question. Brown argues that he was prejudiced by trial counsel's performance because the South Carolina Court of Appeals denied his direct appeal and did not address the legal question he raised because it found he admitted guilt during sentencing. The PCR court addressed this issue in its order of dismissal, finding Brown failed to show that trial counsel was deficient or that he was prejudiced by his performance.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S.





362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari



PJG

review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Brown's petition. Therefore, the court turns to the question whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

At trial, Brown was convicted of first-degree burglary and petit larceny for allegedly stealing a woman's purse from a house by climbing a ladder and entering through a window at night. Following the verdict, the trial court asked Brown a series of questions while Brown addressed the court during the mitigation phase of sentencing. During that colloquy, the trial court asked Brown, "You're fifty-two years' old. You are beyond—you should be beyond anything. When you committed this burglary, you were how old?" (App. at 265, ECF No. 32-1 at 267.) Brown answered, "51." (App. at 266, ECF No. 32-1 at 268.)

Brown appealed his conviction to the South Carolina Court of Appeals, arguing the trial court erred in denying his motion for a direct verdict on the burglary and larceny charges because there was no substantial circumstantial evidence of his guilt. (ECF No. 32-2 at 4.) The Court of Appeals affirmed Brown's conviction in a *per curiam* opinion without oral argument. (App. at 274-75.)The court stated,

> We affirm [] pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (explaining if any direct evidence or substantial circumstantial evidence reasonably tends to prove the guilt of the accused, the appellate court must find the case was properly submitted to the jury); State v. Sroka, 267 S.C. 664, 665, 230 S.E.2d 816, 817 (1976) ("Any doubt about the correctness of [affirming the appellant's conviction] is eliminated by the





> admission of appellant in open court, after conviction and during the pre-sentence inquiry by the trial judge, that he had participated in the robbery . . . . Further review of the record, therefore is rendered unnecessary.").

(Id.)

At the PCR hearing, Brown indicated that he maintained his innocence throughout the trial. However, Brown testified that the Court of Appeals construed his answer to the trial judge's question about his age during sentencing as an admission of guilt to the crimes. (App. at 309, ECF No. 32-1 at 311.) Brown stated that trial counsel did not correct him after he answered the trial judge. (App. at 309-10, ECF No. 32-1 at 311-12.)

Trial counsel testified that throughout his representation of Brown, Brown maintained that he did not steal the purse or burglarize the house. He testified that, in his opinion, the question of whether the State presented sufficient evidence to survive a directed verdict motion was a strong issue for Brown on appeal. (App. at 323, ECF No. 32-1 at 325.) He stated that had he known the Court of Appeals could decline to review the directed verdict issue on appeal because of an admission of guilt in the sentencing phase of trial, he would not have allowed his client to talk so freely during sentencing. (App. at 328, ECF No. 32-1 at 330.) He further testified that he may not have realized at that time that Brown's Fifth Amendment right to remain silent was intact during sentencing. (Id.)

The PCR court found Brown failed to meet his burden of proving that counsel was ineffective for allowing him to admit guilt during the mitigation phase of sentencing. Although Brown argues that the PCR court clearly erred in finding that trial counsel articulated a valid sentencing strategy, relevant to the second prong of the Strickland inquiry, the PCR court further found Brown failed to



PJG

show he was prejudiced by any purported error because he failed to show that but for the admission of guilt, the outcome of his direct appeal would have been different.

Habeas relief is only appropriate if Brown can show that he was prejudiced by trial counsel's purported deficiency, see Strickland, 466 U.S. at 687, and the court finds that the PCR court's finding that Brown failed to show the outcome of his direct appeal would have been different but for trial counsel's purported deficiency is not contrary to, or an unreasonable application of, clearly established federal law, nor is it based on an unreasonable determination of the facts. While the South Carolina Court of Appeals expressly based its decision on Brown's admission of guilt during sentencing, Brown failed to present any evidence that the Court of Appeals would have found in his favor on the sole issue he raised on appeal—whether the trial court erred in denying his directed verdict motion—had he not admitted guilt and had the Court of Appeals ruled on the merits of his claim. See Bradford v. Whitley, 953 F.2d 1008, 1012 (5th Cir. 1992) (stating ineffective assistance of counsel claims that are based on speculation do not meet the burden of showing prejudice under Strickland); Bruce v. Robinson, Civil Action No. 9:09-1383-PMD-BM, 2010 WL 4318871 (D.S.C. filed July 22, 2010) (stating a habeas petitioner's speculation, without evidence, that the outcome of his trial would have been different absent counsel's purported deficiencies, does not satisfy the prejudice prong of Strickland). Importantly, Brown does not cite to any case law from South Carolina to demonstrate that the Court of Appeals would have overturned the trial court's denial of





his directed verdict.[3] Accordingly, the court finds that the PCR court's finding that Brown failed to prove trial counsel's purported error would have changed the outcome of his direct appeal is not contrary to, or an unreasonable application of, clearly established federal law, or an unreasonable determination of the facts.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment be granted (ECF No. 31) and Brown's Petition be denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 8, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

[3] On appeal from the denial of the defendant's directed verdict motion, South Carolina appellate courts must affirm if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused. See State v. Harris, 776 S.E.2d 365, 366 (S.C. 2015). At trial, the State presented evidence that the victim's house was burglarized through a window that had a ladder set up under it because the house was undergoing renovations. The perpetrator stole the victim's wallet from her purse while inside the house and then dropped the purse on the lawn. The only evidence the State presented linking Brown to the crime was his fingerprint, which was found on the inside of the window above the ladder. Courts have found that the existence of evidence placing the defendant at the scene of the crime is enough, on its own, to withstand a defendant's directed verdict motion. See State v. Bennett, 781 S.E.2d 352, 354 (S.C. 2016) (finding that the defendant's fingerprint and blood found at the scene of the crime was enough evidence to withstand a directed verdict motion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).