UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Leroy Brown, | ) | Civil Action No.:  0:15-cv-02133-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Kershaw | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Leroy Brown, a state prisoner proceeding pro se, initiated this action by filing a

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* ECF No. 1.  Respondent

answered and filed a motion for summary judgment.  *See* ECF Nos. 31 & 32.  The matter is now before

the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge

Paige J. Gossett.[1]  *See* R & R, ECF No. 43.  The Magistrate Judge recommends granting Respondent's

motion for summary judgment and denying Petitioner's § 2254 petition.  R & R at 1, 12.  Petitioner and

Respondent have both filed objections to the R & R.  *See* ECF Nos. 45 & 50.

### Background[2]

The State of South Carolina indicted Petitioner on charges of first-degree burglary and petit

larceny.  ECF No. 32-1 at 362-68.  Petitioner proceeded to trial on both charges; the jury convicted him

---

[1]    This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

[2]    The R & R contains a thorough summary of the procedural history of this case, with applicable dates and citations to the record.  *See* R & R at 1-10.

of first-degree burglary but acquitted him of petit larceny.[3]  *Id.* at 252.  The trial court sentenced Petitioner to eighteen years' imprisonment on the burglary conviction.  *Id.* at 273.  Petitioner's conviction was affirmed on direct appeal; his state application for post-conviction relief (PCR) was denied and dismissed with prejudice; and his petition for a writ of certiorari from the denial of his PCR application was denied.  ECF No. 32-1 at 276-78, 352-61; ECF No. 32-9.  Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent answered and filed a motion for summary judgment.  ECF Nos. 31 & 32.

On July 8, 2016, the Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and deny Petitioner's § 2254 petition.  ECF No. 43.  Objections were due by July 25, 2016.  *Id.*  Petitioner filed timely objections to the R & R, which were received by the prison mailroom on July 25, 2016.  ECF No. 45; *see generally Houston v. Lack*, 487 U.S. 255, 276 (1988) (providing a pro se prisoner's document is deemed filed at the moment of delivery to prison authorities for forwarding to the district court).  Respondent filed a timely response to Petitioner's objections on July 29, 2016.  ECF No. 47.  However, Respondent filed an untimely objection to the R & R on August 12, 2016—eighteen days after the deadline for filing objections.  ECF No. 50; *see* Fed. R. Civ. P. 72(b)(2) (permitting a party to serve and file objections to the R & R "*[w]ithin 14 days* after being served with a copy of the" R & R (emphasis added)).  The matter is now before the Court for review of the R & R and the parties' objections.

## Legal Standards

---

[3]      On pages one and two of the R & R, the Magistrate Judge correctly states that Petitioner was charged with first-degree burglary and petit larceny, and that he was found guilty of burglary.  R & R at 1-2.  However, on page nine, the Magistrate Judge incorrectly states, "At trial, Brown was convicted of first-degree burglary **and petit larceny** . . . ."  *Id.* at 9 (emphasis added).  The Court modifies page nine of the R & R to reflect that Petitioner was convicted of first-degree burglary but **not** petit larceny.

2

## I.    Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.    Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the

3

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## III.    Federal Habeas Review Under 28 U.S.C. § 2254[4]

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d

---

[4]    The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying his petition for a writ of certiorari, *see* ECF No. 32-9, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, 813 F.3d 517, 525-26 (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at 525 ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

4

535, 553 (4th Cir. 2010).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Williams v. Taylor*, 529 U.S. 362, 411 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision the "deference and latitude that are not in operation when the case" is being considered on direct review.  *Harrington*, 562 U.S. at 101.  Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).  If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief.  *Id.*  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

### IV.    *Strickland* Test for Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### V.    Relationship Between § 2254(d) and *Strickland*

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### Discussion

The State tried Petitioner on charges of first-degree burglary and petit larceny, alleging he

6

entered the victim's house at night by climbing up a ladder and through a window and stole the victim's purse. ECF No. 32-1 at 30-32, 362-68. The State's case was based entirely on circumstantial evidence, and the sole evidence linking Petitioner to the crime scene were his fingerprints found on the window that was above the ladder. *Id.* at 100-08, 118-20, 127-40. Throughout trial, Petitioner maintained his innocence and denied breaking into the house, which was undergoing exterior painting renovations at the time the burglary occurred. *Id.* at 198. He testified in his defense, claiming he had stopped at the house one afternoon looking for painting work, inquired about a job with a painter who was working on the window in question, and placed his hand on the window (which was open) while demonstrating his knowledge about painting the wooden frame.[5] *Id.* at 185-201. Petitioner moved for a directed verdict, which the trial court denied. *Id.* at 162-74, 202. The jury convicted Petitioner of burglary but acquitted him of larceny. *Id.* at 252. During sentencing, the following exchange occurred between the trial court and Petitioner:

> The Court:    You're 52 years old. You are beyond - - you should be beyond anything. ***When you committed this burglary, you were how old?***
>
> [Petitioner]:    51.

*Id.* at 267-68 (emphasis added). The South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished per curiam opinion as follows:

> **PER CURIAM:** Leroy Adams Brown appeals his conviction for burglary in the first degree, arguing the trial court erred in denying his motion for a directed verdict. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (explaining if any direct evidence or substantial circumstantial evidence reasonably tends to prove the guilt of the accused, the appellate court must find the case

---

[5]    None of the State's witnesses corroborated Petitioner's version of the facts.

> was properly submitted to the jury); <u>State v. Sroka</u>, 267 S.C. 664, 665, 230 S.E.2d 816, 817 (1976) ("Any doubt about the correctness of [affirming the appellant's conviction] is eliminated by the admission of appellant in open court, after conviction and during the pre-sentence inquiry by the trial judge, that he had participated in the robbery . . . .  Further review of the record, therefore, is rendered unnecessary.").

Opinion, *id.* at 276 (internal footnote omitted).

In his § 2254 petition, Petitioner asserts trial counsel was ineffective for failing to prevent him from admitting his guilt in response to the question that the trial court asked during sentencing, either by advising him not to answer the question or by objecting to the question.  Petition, ECF No. 1 at 17-19.  The state PCR court rejected this claim by applying the *Strickland* test for ineffective assistance of counsel and finding Petitioner failed to show that counsel was deficient or that he suffered prejudice.  Order of Dismissal, ECF No. 32-1 at 352-61.  In the R & R, the Magistrate Judge focuses solely on the PCR court's application of *Strickland*'s prejudice prong, and concludes the PCR court's finding of no prejudice was not contrary to, or an unreasonable application of, clearly established federal law and was not an unreasonable determination of the facts.  R & R at 7-12.

Petitioner lodges several objections to the R & R.  *See* Pet.'s Objs., ECF No. 45.  First, he argues trial counsel's testimony at the PCR hearing—summarized on page ten of the R & R—demonstrates trial counsel was deficient for not advising him of his right to remain silent at sentencing and for allowing him to answer the trial court's question that implicitly required an admission of guilt.  *Id.* at 3.  As mentioned, the Magistrate Judge did not address whether trial counsel was deficient and instead analyzed Petitioner's ineffective assistance claim solely from a prejudice inquiry.  *See* R & R at 11-12.  The Court agrees with the Magistrate Judge's analytical approach, which is consistent with the *Strickland* test for ineffective assistance of counsel.  *See Strickland*, 466 U.S. at 697 ("[A] court need

8

not determine whether counsel's performance was deficient before examining the prejudice suffered

by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness

claim on the ground of lack of sufficient prejudice . . . that course should be followed.").  Even if

Petitioner could demonstrate the PCR court was unreasonable in finding he did not receive deficient

performance under *Strickland*, he cannot demonstrate the PCR court was unreasonable in finding no

*Strickland* prejudice resulted from this allegedly deficient performance.  *See, e.g.*, *Merzbacher v.*

*Shearin*, 706 F.3d 356, 365-70 (4th Cir. 2013) (declining to resolve the "very close question" of whether

counsel was deficient because the petitioner could not show *Strickland* prejudice).

Petitioner's next objection relates to the PCR court's finding of no *Strickland* prejudice.  *See*

Pet.'s Objs. at 2-3.  The PCR court found Petitioner "failed to prove that trial counsel's alleged error

constituted prejudice under Strickland's second prong.  [Petitioner] failed to present evidence that [his]

ownership of guilt was outcome determinative in the Court of Appeal's decision to affirm the trial

judge's denial of trial counsel's directed verdict motion."  Order of Dismissal, ECF No. 32-1 at 359.

The Court agrees with the Magistrate Judge that the PCR court's no prejudice finding was not contrary

to, or an unreasonable application of, clearly established federal law and was not an unreasonable

determination of the facts.

Petitioner claims he suffered prejudice because the South Carolina Court of Appeals affirmed

his conviction by relying on his implicit admission of guilt via its citation to *State v. Sroka*.  Resp. in

Opp., ECF No. 40 at 3.  Contrary to Petitioner's argument, the South Carolina Court of Appeals did ***not***

rely exclusively on Petitioner's admission of guilt when affirming his conviction.  Rather, the Court of

Appeals' opinion clearly indicates it considered the merits of the issue that Petitioner raised on direct

appeal: whether "the trial court erred in denying his motion for a directed verdict."  *See* Opinion, ECF

0:15-cv-02133-RBH    Date Filed 09/27/16    Entry Number 52    Page 10 of 18

No. 32-1 at 276. The Court of Appeals cited *State v. Weston*, 367 S.C. 279, 625 S.E.2d 641 (2006), which sets forth the relevant South Carolina law regarding a motion for a directed verdict. Specifically, the Court of Appeals cited to the following sentence in *Weston*: "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the Court must find the case was properly submitted to the jury." *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648. This passage from *Weston* sets forth the standard of review that a state appellate court—here, the South Carolina Court of Appeals—applies when reviewing the trial court's denial of a motion for a directed verdict. The Court of Appeals' opinion indicates it found the trial court "properly submitted [the case] to the jury" because there was "substantial circumstantial evidence reasonably tending to prove the guilt of" Petitioner. *Id.*

As Respondent points out, the Court of Appeals' citation to *State v. Sroka*, 267 S.C. 664, 230 S.E.2d 816 (1976), and its reliance on Petitioner's admission of guilt simply constituted an additional sustaining ground for affirming his conviction.[6] Under Rule 220(c) of the South Carolina Appellate Court Rules, "[t]he appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.[7] In applying Rule 220(c), the appellate court may rely on any "additional sustaining grounds"—either on its own initiative or by the

---

[6]     Respondent made this argument in both its timely response to Petitioner's objections and its untimely objection to the R & R. *See* ECF Nos. 47 & 50. Although the Court need not consider Respondent's untimely objection, *see United States v. Schronce*, 727 F.2d 91, 93-94 (4th Cir. 1984), the Court nonetheless notes Respondent's objection is "to so much of the Report and Recommendation that found the South Carolina Court of Appeals did not address Petitioner's directed verdict claim on the merits on direct appeal and that it found Petitioner's admissions at sentencing as dispositive of his direct appeal." ECF No. 50 at 1. Contrary to Respondent's objection, the Court finds the R & R correctly recognizes the Court of Appeals addressed Petitioner's directed verdict claim on the merits. *See* R & R at 11-12. Accordingly, the Court overrules Respondent's objection.

[7]     This rule applies in both criminal and civil appeals. *See, e.g.*, *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 417-23, 526 S.E.2d 716, 721-25 (2000); *State v. Johnson*, 278 S.C. 668, 669-70, 301 S.E.2d 138, 139 (1983).

10

respondent's submission[8]—for affirming a trial court's decision. *I'On*, 338 S.C. at 417-23, 526 S.E.2d at 721-25. Moreover, as the United States Court of Appeals for the Fourth Circuit has pointed out, the *Sroka* decision contains a "traditional harmless error analysis."[9] *Johnson v. Moore*, 164 F.3d 624, 1998 WL 708691, at *5 (4th Cir. 1998) (unpublished table decision) ("From the citations to [*Sroka* and the cases cited therein] . . . the court plainly was relying on a determination that the allegations of error raised by the defendant were harmless."). By citing *Sroka*, the Court of Appeals was reaching an alternate conclusion that, even assuming the trial court erred in denying Petitioner's motion for a directed verdict, the alleged error was harmless.

In summary, the South Carolina Court of Appeals did not rely *solely* on Petitioner's purported admission of guilt during sentencing in affirming his conviction. Instead, the Court of Appeals' opinion indicates that it independently considered the merits of his direct appeal issue and determined the trial court did not err in denying his motion for a directed verdict, and that it simply cited *Sroka* as an

---

[8]    Significantly, in its response brief filed with the South Carolina Court of Appeals during the direct appeal, the State cited *Sroka* and raised Petitioner's admission of guilt as an additional sustaining ground for affirming. *See* ECF No. 32-3 at 9 n.1 ("Appellant later admitted guilt in open court during the sentencing proceeding. (See R. p. 238, line 23 – p. 239, line 9). Therefore, Respondent submits that any trial error would be harmless beyond a reasonable doubt. See State v. Sroka, 267 S.C. 664, 665, 230 S.E.2d 816, 817 (19760 (further review of the record is unnecessary where the appellant's guilt is conclusively established by the record)"). *See generally I'On*, 338 S.C. at 420, 526 S.E.2d at 723 ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment.").

[9]    In *Sroka*, the appellant appealed his conviction of armed robbery and raised four issues on appeal. 267 S.C. at 664-65, 230 S.E.2d at 817. The South Carolina Supreme Court summarily affirmed all issues by stating:

> We affirm because the guilt of the appellant is conclusively shown by the record and any alleged error could not have been prejudicial. Any doubt about the correctness of this conclusion is eliminated by the admission of appellant in open court, after conviction and during the pre-sentence inquiry by the trial judge, that he had participated in the robbery with a sawed-off shotgun. Further review of the record, therefore, is rendered unnecessary. *State v. Key*, 256 S.C. 90, 180 S.E.2d 888 [(1971)]; *State v. Miller*, 266 S.C. 409, 223 S.E.2d 774 [(1976)].

*Id.* at 665, 230 S.E.2d at 817.

additional sustaining ground for affirming.  Even if trial counsel had prevented Petitioner from admitting guilt during sentencing (which would have eliminated the Court of Appeals' subsequent reliance on his admission of guilt), Petitioner has not shown there is a reasonable probability that the outcome of the direct appeal would have been different because the Court of Appeals affirmed on the independent ground that the evidence was sufficient to submit the case to the jury.  *See Strickland*, 466 U.S. at 694 (stating that to show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").  As a result, Petitioner has not established the requisite prejudice to support his claim of ineffective assistance of counsel because, as the PCR court found, his admission of guilt was not "outcome determinative" to the Court of Appeals' decision.  *See* Order of Dismissal, ECF No. 32-1 at 359.

Petitioner's final objection relates to the Magistrate Judge's conclusion that Petitioner "does not cite to any case law from South Carolina to demonstrate that the Court of Appeals would have overturned the trial court's denial of his directed verdict."  R & R at 11-12; *see* Pet.'s Objs. at 2. Petitioner cites *State v. Mitchell*, 341 S.C. 406, 535 S.E.2d 126 (2000), and argues he was entitled to a directed verdict on the burglary charge.  Pet.'s Objs. at 2.  Petitioner's argument relates to the PCR court's finding of no prejudice; specifically, he appears to argue that because the evidence was not sufficient to withstand a directed verdict motion, the only valid basis for the Court of Appeals' decision was its reliance on Petitioner's admission of guilt during sentencing (i.e., the appellate court's reliance on his admission of guilt would not have been an additional sustaining ground but instead the sole basis for affirming).

As noted above, an appellate court in South Carolina "must find the case was properly submitted

to the jury" "[i]f there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused." *Weston*, 367 S.C. at 292-93, 625 S.E.2d at 648. However, while an allegation of insufficient evidence is cognizable on collateral review in a federal habeas corpus action, federal review of the sufficiency of the evidence "is 'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)); *see Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The Fourth Circuit in *Wilson* determined a federal court must give significant deference to the state court's ruling on the sufficiency of the evidence because "[f]ederal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." 155 F.3d at 405-06. A petitioner is entitled to federal habeas relief on a claim of insufficient evidence "only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Id.* at 405-06 (quoting *Jackson*, 443 U.S. at 324).

The *Jackson* "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," and it "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319 & 324 n.16; *see Schlup v. Delo*, 513 U.S. 298, 330 (1995) ("[U]nder *Jackson*, the assessment of the credibility of witnesses is generally beyond the scope of review."). A federal court must view the evidence in the light most favorable to the State, and when faced with evidence that allows conflicting inferences, the federal court must presume the jury resolved such conflicts in the State's favor. *Jackson*, 443 U.S. at 319, 326.

Applying the *Jackson* criteria to the instant case and viewing the evidence in the light most favorable to the State, the Court finds a rational trier of fact could have found Petitioner guilty beyond

13

a reasonable doubt of first-degree burglary under South Carolina law.[10]  *See, e.g.*, *Jackson*, 443 U.S. at 324 ("A review of the record in the light most favorable to the prosecution convinces us that a rational factfinder could readily have found the petitioner guilty beyond a reasonable doubt of first-degree murder under Virginia law.").

In South Carolina, "[a] person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and" if there exists an aggravating circumstance, including if "the burglary is committed by a person with a prior record of two or more convictions for burglary or housebreaking or a combination of both; or . . . the entering . . . occurs in the nighttime."  S.C. Code Ann. § 16–11–311(A) (2015).  This statute requires a jury to find the defendant guilty beyond a reasonable doubt.

During Petitioner's trial, the State presented the following evidence.  The burglary occurred in October 2007 during a period when the victim's house was undergoing renovations, including exterior painting.  ECF No. 32-1 at 36-37, 44-47, 78.  Neither the general contractor nor the subcontractor had ever hired Petitioner, and the construction crew never saw or talked to Petitioner at the house.  *Id.* at 37-38, 83.  The subcontractor testified he was present at the house "all the time" because he was also painting.  *Id.* at 89-90.  The subcontractor further testified that his crew let him know any time someone came around looking for painting work at a job site, and that nobody came looking for work while he was on the job at the victim's house.  *Id.* at 83-84, 93.  The victim testified she had never seen Petitioner before in her life and had never given him permission to enter her home.  *Id.* at 57-58.  She had lived

---

[10]      To clarify, the Court is not analyzing whether the trial court erred in denying Petitioner's motion for a directed verdict.  Instead, the Court is analyzing the sufficiency of the evidence for the limited purpose of determining whether Petitioner can demonstrate *Strickland* prejudice (i.e., whether the result of his appeal would have been different because, if the evidence was insufficient to sustain the trial court's denial of Petitioner's directed verdict motion, the Court of Appeals' reliance on Petitioner's admission of guilt would have been the sole basis for affirming).

in the house since 1990 and was an elderly widow. *Id.* at 43.

The burglary occurred over a weekend. On Friday, the painters finished their work for the weekend, closed the windows, and stored the ladders on site in a pile away from the two-story house. *Id.* at 47, 80-81, 115. On Sunday night, the victim hung her purse on a hook in the kitchen located on the first floor. *Id.* at 54. The windows were closed and no ladders were propped against the house. *Id.* at 47-48. The victim went to bed in her second floor bedroom. *Id.* at 48. When the subcontractor arrived the next morning (Monday), he discovered the victim's empty purse on the front lawn and one of his eight-foot ladders propped against one of the rear first floor windows. *Id.* at 47-48, 53, 82-83, 85, 94, 97. The very bottom of the window (which opened into the living room) was over six feet off the ground. *Id.* at 54, 116. The kitchen (where the purse had been) was on the opposite side of the house from where the living room window was located. *Id.* at 54. The victim's empty purse was missing cash, credit cards, and identification cards. *Id.* at 47, 52-53, 55, 81-82.

Law enforcement investigated the scene and found Petitioner's fingerprints on and around the window in question.[11] *Id.* at 56, 100-07, 127-28, 133-36. One of Petitioner's fingerprints was found on the inside of the window in an upward position that suggested he was pulling or pushing up the window from outside the house; another one of his fingerprints was found at the base of the window also "in an upward position like someone was lifting it." *Id.* at 102-07. The State's fingerprint expert testified that due to the condition of the window, the fingerprint would not have lasted very long after it was left there. *Id.* at 139-40. Photographs depicting the height of the window and the location of the fingerprint were admitted into evidence at trial. *Id.* at 98-107. Two of Petitioner's prior convictions

---

[11]     No fingerprints of value were found on the ladder (which had a ridged surface), and the purse was not fingerprinted due to its rough texture. ECF No. 32-1 at 101.

15

for burglary were admitted into evidence to establish the instant offense was a first-degree burglary. *Id.* at 161.

Although entirely circumstantial, the evidence was sufficient for a rational jury to have found Petitioner guilty beyond a reasonable doubt of first-degree burglary under South Carolina law. *See, e.g.*, *Jackson*, 443 U.S. at 324-26 (concluding "[f]rom the circumstantial evidence in the record" that "a rational factfinder could readily have found the petitioner guilty beyond a reasonable doubt"). Specifically, a jury could conclude Petitioner entered the victim's house without consent and with intent to commit a crime therein,[12] and that his entry occurred at night as well as that he had two prior convictions for burglary.[13]  *See* S.C. Code Ann. § 16–11–311(A) (2015).  Thus, the Court of Appeals' finding that the evidence was sufficient to withstand Petitioner's directed verdict motion remained an independent ground for affirming his conviction (separate from his admission of guilt which, as explained above, was merely an additional sustaining ground).  Accordingly, the Court finds the state

---

[12]     Although the jury acquitted Petitioner of larceny, that fact does not affect the validity of the burglary conviction.  *See State v. Alexander*, 303 S.C. 377, 383, 401 S.E.2d 146, 149 (1991) ("[A] defendant convicted by a jury on one count cannot attack the conviction because it was inconsistent with the verdict of acquittal on another count." (citing *United States v. Powell*, 469 U.S. 57 (1984)); *State v. Amerson*, 244 S.C. 374, 379, 137 S.E.2d 284, 286 (1964) (upholding the defendant's conviction for housebreaking notwithstanding his acquittal of grand larceny, stating "It is not essential to the crime of housebreaking that one commit grand larceny.  It is sufficient that the one breaking and entering did so with the intent to commit any crime"); *State v. Peterson*, 336 S.C. 6, 7, 518 S.E.2d 277, 278 (Ct. App. 1999) (stating that to constitute burglary, it is not necessary the intended crime be committed or the person be convicted of the intended crime).

[13]     As mentioned above, Petitioner cites *State v. Mitchell*, 341 S.C. 406, 535 S.E.2d 126 (2000), in support of his argument that the Court of Appeals would have overturned the trial court's denial of his directed verdict.  Pet.'s Objs. at 2.  In *Mitchell*, the South Carolina Supreme Court found circumstantial evidence, particularly fingerprint evidence, was insufficient for submission to the jury when the State failed to place the defendant at the scene of the crime.  *See* 341 S.C. at 409, 535 S.E.2d at 127 ("The State did not present any evidence whether the screen was on the window at the time the window was broken or when the screen had been removed.  The fact that respondent's fingerprint was on a screen that was propped up against the house does not prove entry *where respondent had been in and around the victim's house at least three times prior to the burglary*." (emphasis added)).  The facts in *Mitchell* are clearly distinguishable from those in Petitioner's case.  Significantly, the South Carolina Supreme Court recently limited the "fact-intensive" holding in *Mitchell* to its "peculiar facts."  *State v. Pearson*, 415 S.C. 463, 474 n.5, 783 S.E.2d 802, 808 n.5 (2016).

16

PCR court's finding of no prejudice—that Petitioner's admission of guilt was not "outcome determinative in the Court of Appeal's decision to affirm the trial judge's denial of trial counsel's directed verdict motion"[14]—was not contrary to, or an unreasonable application of, the *Strickland* test. Petitioner is therefore not entitled to federal habeas relief on his § 2254 petition.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and the parties' objections. The Court has conducted a de novo review of those portions of the R & R to which the parties object. For the reasons stated in this Order and in the R & R, the Court overrules both Petitioner's and Respondent's objections and adopts and incorporates the R & R [ECF No. 43] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 31]

---

[14]    Order of Dismissal, ECF No. 32-1 at 359.

and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice*.  The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

      **IT IS SO ORDERED.**


Florence, South Carolina                           s/ R. Bryan Harwell
September 27, 2016                                R. Bryan Harwell
                                                   United States District Judge